IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JASPAL SOHAL,

              Plaintiff,

    v.

MONDELEZ GLOBAL LLC et al.,

              Defendants.

No. 3:22-cv-00998-MO

OPINION AND ORDER

**MOSMAN, J.,**

This case comes before me on Plaintiff's Motion to Remand [ECF 5], Defendant's Motion to Stay Briefing for Motion for Remand and Allow Jurisdictional Discovery [ECF 8], and the Parties' Stipulated Motion to Stay Local Rule 26 Deadlines Pending the Court's Ruling on Plaintiff's Motion to Remand [ECF 11]. For the following reasons, I DENY Plaintiff's Motion to Remand and DENY AS MOOT both Defendant's Motion to Stay Briefing and Allow Jurisdictional Discovery and the Parties' Stipulated Motion to Stay Local Rule 26 Deadlines.

## DISCUSSION

### A. Procedural History

Plaintiff filed this case in Oregon state court against her former employer and former supervisor. Compl. [ECF 1, Ex. 1] ¶¶ 42–101. In her complaint, Plaintiff alleges that both she and her former supervisor, Defendant Kahl, are citizens of Oregon. *Id.* ¶¶ 1, 3. After being served,

1 – OPINION AND ORDER

Defendant Mondelēz Global LLC ("MG")—a citizen of Virginia and Illinois—removed to this court. Notice of Removal [ECF 1] ¶ 5. In its Notice of Removal, MG argued that since Defendant Kahl has never been served[1] and no proceedings occurred in Oregon state court, the parties are completely diverse, and removal is permissible. *Id.* ¶ 3. Plaintiff moved to remand. Mot. to Remand [ECF 5] at 3–5. MG then responded by making allegations about Plaintiff's citizenship not relevant to this discussion and asked to stay the briefing for the Motion to Remand. Def.'s Mot. to Stay Briefing for Mot. for Remand and Allow Jurisdictional Disc. [ECF 8] at 2–6. Lastly, Plaintiff and MG jointly filed a motion to stay deadlines, including the Rule 26 conference, until the motion to remand is ruled on. Stipulated Mot. to Stay [ECF 11].

## B. Snap Removal

MG has effectuated a strategy known as "snap removal." The "forum defendant" rule, 28 U.S.C. § 1441(b)(2), prevents defendants from removing would-be diversity jurisdiction-based civil actions if any of the parties "properly joined and served as defendants" is a citizen of the state where the action is brought. *Id.* However, if a case has multiple defendants—some citizens of the forum state, some not—a non-citizen defendant may remove the action to federal court, so long as removal is accomplished before any of the citizen defendants are served. This allows the non-citizen defendant to defend the case in federal court rather than state court, defeating the plaintiff's choice of forum.

Because of its perceived unfairness to plaintiffs and contrariness to the concepts underlying diversity jurisdiction, snap removal has been criticized by some courts and scholars. *See, e.g.*, *DLJ Mortg. Cap., Inc. v. Fid. Nat'l Title Grp., Inc.*, No. 220CV02251APGDJA, 2021 WL 3081059, at \*4 (D. Nev. July 20, 2021); Jeffrey W. Stempel et al., *Snap Removal: Concept; Cause; Cacophony;*

---

[1] Defendant Kahl has still not been served as of August 22, 2022. Def.'s Mot. to Stay Briefing for Mot. for Remand and Allow Jurisdictional Disc. [ECF 8] at 2.

*and Cure*, 72 Baylor L. Rev. 423 (2020). But every circuit court to consider the issue has found "snap removal" to be acceptable, and although the Ninth Circuit has yet to consider the issue, I agree that snap removal is permissible under the facts of this case. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (collecting cases).

Here, MG—a defendant—was "properly joined and served," 28 U.S.C. § 1441(b)(2). Notice of Removal [ECF 1] ¶ 2. A few days later, MG filed a notice of removal in this court, along with "all process, pleadings, and orders served upon such defendant," *id.* § 1446(a)—as is statutorily required. Compl. [ECF 1, Ex. 1]; *see id.* § 1446(a) (the defendant "shall file" these items in order to remove a case). Having complied with the statutory text's mandates prior to forum Defendant Kahl's service, MG successfully executed snap removal. The "properly joined and served" defendant is diverse, and this matter may proceed in federal court.

My learned colleague Judge Immergut has recently reached a different conclusion regarding snap removal in a recent case. *McAboy v. Intel Corp.*, No. 3:21-CV-01773-IM, 2022 WL 1519081 (D. Or. May 13, 2022). Judge Immergut's opinion deftly points out several textual issues with the defendant's attempted snap removal in that case, including that the defendant failed to "recei[ve]" the complaint, as required by § 1446(b)(1). *McAboy*, 2022 WL 1519081 at *4. In addition, the non-citizen defendant in *McAboy* filed a notice of removal before ever being served by plaintiff, in violation of § 1446(a)'s imperative that a defendant must be served before removing a case. *McAboy*, 2022 WL 1519081 at *1. This case differs from *McAboy* with regard to these two important facts: MG did receive a copy of the complaint, through service, and filed the notice of removal *after* being served.

## CONCLUSION

I DENY Plaintiff's Motion to Remand [ECF 5] and DENY AS MOOT both Defendant's Motion to Stay Briefing and Allow Jurisdictional Discovery [ECF 8] and the Parties' Stipulated Motion to Stay Local Rule 26 Deadlines [ECF 11]. The Parties are instructed to comply with the requirements of Fed. R. Civ. P. 26(f) as soon as practicable, at the latest by September 23, 2022.

IT IS SO ORDERED.

DATED this 6th day of Sep_____, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge