IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JASPAL SOHAL,

        Plaintiff,

v.

MONDELEZ GLOBAL LLC et al.,

        Defendants.

No. 3:22-cv-00998-MO

OPINION AND ORDER

MOSMAN, J.,

This case comes before me on Defendant Mondelez Global LLC's ("MG") Motion to Dismiss Alicia Kahl without Prejudice [ECF 31]. MG contends that Plaintiff failed to serve Ms. Kahl within 90 days, as is required. Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 12(b)(5) (dismissal for insufficient service of process). For the following reasons, I GRANT MG's Motion to Dismiss.

## LEGAL STANDARD

Courts may dismiss without prejudice defendants not served within 90 days of the filing of the complaint unless a plaintiff can show "good cause" for the failure to serve. Fed. R. Civ. P. 4(m). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* Plaintiffs may serve defendants

1 – OPINION AND ORDER

in any manner that comports with state law in the state where the lawsuit is taking place. Fed. R. Civ. P. 4(e)(1).

To show good cause for the failure to timely effect service, a plaintiff must "[a]t a minimum" show "excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence" as well as "omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). To determine when neglect is excusable, courts must examine the length, impact, and reason for the delay, as well as the danger of prejudice to those involved. *Id.*; *see also Barnette*, 923 F.2d at 756.

## DISCUSSION

Plaintiff filed this case in Oregon state court on June 21, 2022. Her complaint alleges seven claims against her former employer, MG. MG removed to this court just over two weeks later.

Plaintiff's complaint also named Ms. Alicia Kahl as a defendant and alleged a single claim against her. Compl. [ECF 1-1] ¶¶ 97–102. For three months, Plaintiff engaged in extensive motions practice that concerned Ms. Kahl. *See, e.g.*, Op. and Order [ECF 15] at 2 n.1; Order on Pl.'s Mot. for Recons. [ECF 25]. But Plaintiff never served Ms. Kahl. And Plaintiff's only attempt to serve Ms. Kahl took place in July, before this matter was removed.

One hundred and seven days after filing her complaint, Plaintiff tried to serve Ms. Kahl again. *See* Summons [ECF 28]. Two days later, on October 8, 2022, Plaintiff successfully served Ms. Kahl. Aff. of Service [ECF 30]. MG filed this motion to dismiss within a week of Ms. Kahl's service.

2 – OPINION AND ORDER

Defendant's argument is straightforward: 109 > 90. Therefore, Ms. Kahl should be dismissed. Plaintiff's response is twofold. First, Plaintiff argues that she did serve Ms. Kahl within 90 days. Second, good cause exists for her failure to serve.

Neither argument succeeds. To contend that service took place within 90 days, Plaintiff argues that it is the later date of removal, not the date she filed her case that starts the clock. That later date, combined with the October 6 service attempt she claims was successful under state law, would have Ms. Kahl served at exactly 90 days. However, Rule 4(m) clearly says that the "time limit for service" is "within 90 days *after the complaint is filed*," Fed. R. Civ. P. 4(m) (emphasis added), not the date of removal. What's more, the method of service she claims was successful would have required giving the summons to a person "apparently in charge" as well as mailing the summons to the Ms. Kahl's residence, neither of which were done. *See* Or. R. Civ. P. 7(D)(2)(c).

Nor does good cause exist for Plaintiff's failure to serve. Plaintiff actively litigated this matter over the course of several months, including issues that directly implicated Ms. Kahl. There is no excuse for Plaintiff's neglect to timely serve her. Furthermore, only one derivative claim of the seven in Plaintiff's complaint relates to Ms. Kahl. Any prejudice to Plaintiff is therefore minimal.

## CONCLUSION

For the above reasons, I GRANT Defendant MG's Motion to Dismiss [ECF 31], and I DISMISS without prejudice named Defendant Ms. Alicia Kahl.

IT IS SO ORDERED.

DATED this __11__ day of January, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER